*P. D. Rich, solicitor,* contra.

---

## 14018. SMITH *v.* EQUEN.

That the plaintiff, when struck by the automobile, was sitting on the curbstone, with his feet extending into the street, could not, on demurrer, be held to be such lack of ordinary care as to prevent a recovery for negligence of the defendant in operating the automobile. The petition set forth a cause of action, and the court erred in dismissing it on demurrer.

DECIDED MARCH 7, 1923.

Action for damages; from city court of Atlanta — Judge Reid. October 7, 1922.

*Schrimper & Baumstark,* for plaintiff, cited: *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220; *Moye* v. *Reddick,* 20 *Ga. App.* 649; *Cohn* v. *Cody Stable Co.,* 14 *Ga. App.* 234 (2), 235; *Morrow Trans. Co.* v. *Heard,* 11 *Ga. App.* 188; *Elsbery* v. *State,* 12 *Ga. App.* 89 (2); *Sheppard* v. *Johnson,* 11 *Ga. App.* 281; *Ware* v. *Lamar,* 16 *Ga. App.* 565; s. c. 18 *Ga. App.* 674; *Collins* v. *Augusta-Aiken Ry. & Elec. Corp.,* 13 *Ga. App.* 126 (1), 127 (2); *Augusta-Aiken Ry. & Elec. Corp.* v. *Collins,* 18 *Ga. App.* 304; *Central of Ga. Ry. Co.* v. *Pelfry,* 11 *Ga. App.* 122-3; *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 423; *A. C. L. R. Co.* v. *Canty,* 12 *Ga. App.* 417-8;

*Hewlett & Dennis,* for defendant, cited: Civil Code (1910), § 4426; *Cen. R. Co.* v. *Dixon,* 42 *Ga.* 327; *Southwestern R. Co.* v. *Johnson,* 60 *Ga.* 668; *Ga. R. Co.* v. *Neely,* 56 *Ga.* 540; *Lavier* v. *Central Railroad,* 71 *Ga.* 222; *Savannah &c. Railroad* v. *Stewart,* 71 *Ga.* 438; *So. Ry. Co.* v. *Hogan,* 131 *Ga.* 157; *Moore* v. *So. Ry. Co.,* 136 *Ga.* 873; *So. Ry. Co.* v. *Dickson,* 138 *Ga.* 371; *Evans* v. *Charleston &c. R. Co.,* 108 *Ga.* 270; *City of Columbus* v. *Griggs,* 113 *Ga.* 597; *So. Ry. Co.* v. *Young,* 20 *Ga. App.* 362; *Weyman* v.

*Maynard,* 24 *Ga. App.* 94; Martin *v.* City of New York, 201 N. Y. 81; Menger *v.* Lauer, 55 N. J. 205 (20 L. R. A. 61); Virgilio *v.* Walker, 254 Pa. 241; Hardin *v.* Matthews, 67 Wash. 487 (121 Pac. 983); cases cited for plaintiff distinguished.

LUKE, J. The plaintiff's petition alleged, that on August 31, 1921, an automobile owned and operated by the defendant struck and injured him while he was sitting on the southwest curbstone on the left-hand side of North Avenue, about ten feet from West Peachtree street in the City of Atlanta, Ga.; that the defendant was operating the automobile on the right-hand side of West Peachtree street towards the City of Atlanta, and, when it approached the intersection of North Avenue, was running it in a reckless, careless, and negligent manner, at an unlawful, unreasonable, improper, high, and negligent rate of speed, of about 35 miles per hour, and without having regard to the traffic and use of the highway so as not to endanger the life of any person or the safety of any property, and, without any warning, notice, signal, or any indication whatever, swerved and turned into West North Avenue, and in a sudden, violent, and forceful manner struck the plaintiff, who was sitting on the curbstone as aforesaid; that the defendant was negligent by reason of the careless, reckless, and negligent driving of the automobile, running and operating it at a rate of speed greatly in excess of that permitted by the city ordinance of the City of Atlanta for the location where the automobile was being operated, and in violation of " the State law as set forth in sections 828 (e) and 828 (f) of 1 Park's 1914 Code of Georgia in regard to the operation and speed of automobile and motor-vehicles;" that the defendant was operating and driving said automobile on the wrong side of West North Avenue relatively to the curbstone at the time the automobile struck the plaintiff; that the defendant was negligent in not having the automobile under proper control for the safety and due care of the public and particularly of the plaintiff; and that the plaintiff was in the exercise of all care and diligence at the time of the injury. There was a prayer for damages. The defendant filed a general demurrer, in which he contended that it appeared from the petition that the plaintiff was acting with such want of ordinary care, in sitting upon the curbstone with his feet extended into the street at the time of the injury, as to pre-

vent a recovery against the defendant; and that no cause of action was set forth. The court sustained the demurrer and dismissed the case. *Held*: The petition set forth a cause of action, and it was error for the court to sustain the general demurrer.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*